[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This cause is an accelerated appeal[1] from the Warren County Court in which defendants-appellants, Charles and Brenda McGregor, appeal the trial court's decision awarding $1,543.50 to plaintiff-appellee, Todd Sauter.
In August 1998, the McGregors signed a construction contract with Paul Bost, a general contractor, to build a personal residence on their property. Bost, in turn, subcontracted the tile work to be done inside the residence to Sauter. As payment for the project, Bost was to receive a total of four draws. Bost received three draws, in October and December 1998 and January 1999. Those draws were payments for the house's foundation, framing, brickwork, windows, and drywalls. None of those draws listed Sauter.
From January to May 1999, Sauter performed custom tile work in the McGregors' residence. In May 1999, Bost was termiated, and Sauter was told to stop the tile work. By then, Sauter had completed about seventy percent of the tile work to be done. Sauter was eventually hired by the McGregors to finish the tile work, for which he was paid (the McGregors had specifically obtained a separate bid from Sauter to complete the work). Sauter, however, was never paid for the work done from January to May 1999. The McGregors refused to pay Sauter for that work. When Sauter submitted his bill to Bost, the latter told him he was unable to pay him because he no longer had access to the draw account. There is no evidence in the record that Bost received any of the fourth and final draw.
In February 2000, Sauter filed a small claims complaint against the McGregors seeking restitution for the work performed at their residence from January to May 1999. On May 7, 2001, "[b]ased upon the evidence presented," the trial court found in favor of Sauter "in the amount of $1,543.50 plus costs and interest at 10%."
In their assignment of error, the McGregors argue that the trial court erred by granting judgment in favor of Sauter. The McGregors assert that it is inequitable to hold them responsible for Sauter's work on the theory of quantum meruit and/or unjust enrichment. The McGregors' assignment of error is overruled on the basis of Ross-Co Redi Mix Co. v.Steveco, Inc. (Feb. 6, 1996), Pickaway App. No. 95CA3, unreported, discretionary appeal not allowed (1996), 76 Ohio St.3d 1477; see, also,Wickford Metal Prod. v. Tri-Village Church of Christ, Inc. (Dec. 1, 1998), Licking App. No. 98CA47, unreported, discretionary appeal not allowed (1999), 85 Ohio St.3d 1447; but, see, Booher Carpet Sales, Inc.v. Erickson (Oct. 2, 1998), Greene App. No. 98-CA-0007, unreported. The judgment of the trial court is affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
James E. Walsh, Judge, and Stephen W. Powell, Judge, concur.
[1] Pursuant to Loc.R. 6(A), we have sua sponte assigned this appeal to the accelerated calendar.